## FEDERAL TRADE COMMISSION v. MID WEST MILLS, Inc.

### No. 6115.

Circuit Court of Appeals, Seventh Circuit.
June 15, 1937.

W. T. Kelley, Chief Counsel, Federal Trade Commission, Martin A. Morrison, Asst. Chief Counsel, and George F. Foulkes and James W. Nichol, Sp. Attys., all of Washington, D. C., for petitioner.

Edwin A. Halligan and Samuel M. Lanoff, both of Chicago, Ill., for respondent.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

After investigation and hearing the Federal Trade Commission entered an order directing respondent to cease and desist representing itself as a manufacturer or mill owner by the use of its corporate name "Mid West Mills, Inc." The part of the order of which complaint is made reads as follows:

"It is ordered that the respondent, Mid West Mills, Inc., a corporation, its officers, agents, representatives, servants, and employees, in connection with the offering for sale and sale of upholstering fabrics, wooden frames, padding, felt, springs, and all other such material, relative to the construction of furniture, in interstate commerce, cease and desist from:

"Representing, directly or indirectly, through and by use of its corporate or trade name, through letterheads, circulars, advertising literature, or in any other manner, that it is a manufacturer, mill operator, or mill owner."

Petitioner is here with an application to enforce its cease and desist order which respondent has refused to obey.

Petitioner's order is largely based upon the respondent's use of the word "Mills" in its corporate name, because it is suggestive, if not indicative, of a fact which does not exist, namely, that respondent owns and operates mills where its goods are manufactured. Respondent admits it has no mills and manufactures none of the goods which it sells, yet it denies that it thereby violates any unfair trade practices such as are designated by section 5 of the Federal Trade Commission Act (as amended, 15 U.S.C.A. § 45).

Respondent is a jobber and wholesaler of upholstering fabrics, wooden frames, padding, felt, springs, etc., and all materials used in the construction of furniture. It sells through salesmen in Illinois and other states and is in substantial competition with others engaged in like business. It urges that any possibility of deception through the use of the word "Mills" in its corporate name is overcome by the fact that all the garment labels, tickets, letterheads, invoices, and other printed matter (except envelopes) contain the words "Jobbers and Converters" directly under its corporate name.

In 1922, respondent's president purchased the good will of a defunct corporation, including its name "Mid West Mills, Inc.," and he caused to be formed another corporation by the name of "Mid West Mills Supply, Inc." which name was changed to "Mid West Mills, Inc." in 1927. It conducted a gross business of $525,000 in 1934, and $550,000 in 1935.

We reproduce the names as they appear on letterheads, envelopes, and ticket and garment labels.

Letterhead:

MID WEST MILLS, INC.
*Jobbers and Converters*

Envelope Heading:

MID WEST MILLS, INC.

Garment or Fabric Label Heading:

MID WEST MILLS, INC.
*Jobbers and Converters*

A converter is described as one who changes patterns produced by the mills. He is one who "changes patterns around to give them a different construction of material and coloring." "He converts the patterns and changes them."

The decision in Federal Trade Commission v. Royal Milling Company, 288 U.S. 212, 53 S.Ct. 335, 337, 77 L.Ed. 706, controls the disposition of this appeal. In that case the complaint of the Commission was directed to the use of the words "Milling Company" by one who was not engaged in milling. The Circuit Court of Appeals (58 F.(2d) 581) set aside the order of the Commission on the ground that it did not appear to be in the interest of the public. On appeal the decree of the Circuit Court of Appeals was reversed with directions to enter an order directing the milling company to accompany each use of the name "Milling Company" with an "explicit representation that respondent is not a grinder of the grain from which the flour prepared and put out is made, such representation to be fixed as to form and manner by the commission."

The substance of the holding is that while it constituted unfair methods of competition to use words suggestive of activities not followed by the user, yet the Commission should go no further than is reasonably necessary to correct the evils and preserve the rights of competitors and the public; that this can be done in certain cases where value has attached to a trade name by requiring proper qualifying words to be used in immediate connection with the objectionable word in the user's name.

As we construe this decision a valid order of the Commission must be supported by three essential facts: (a) The objectionable methods must be used in competition in interstate commerce. (b) The methods adopted by the user in interstate commerce must be unfair. (c) The proceeding by the Commission to prevent the use of such methods must appear to be in the interest of the public.

We are satisfied that respondent's use of the word "Mills" was prima facie unfair, and it was practiced by the respondent in interstate commerce. If there were no ameliorating circumstances, we would also unhesitatingly say that the Commission's action was in the interest of the public. Respondent's avoidance of liability must find support, if at all, in the fact that it acquired the name through the purchase of a business, and that to a certain extent, it did inform the public that it was merely a jobber and a converter.

It should, we think, however, have gone further. To avoid the false impression which the use of the word "Mills" created, it should have conveyed information to purchasers and prospective customers that it did not own or operate a mill from which its products came.

We are convinced that respondent may avoid any false impressions and implications arising from the use of the word "Mills" if it uses on all of its stationery, garment labels, tickets, invoices, and other printed matter, these words "Jobbers and Converters, Not Mill Owners or Mill Operators." There would then be no possibility of deception. Of course these are not the only words which might be adopted. The Commission must in the first instance determine whether the words sufficiently convey the information that respondent neither owns nor operates a mill.

We are at a loss to understand why the respondent should insist on using the word "Mills" after complaint has been filed with the Commission and objections made to it by that body. It has, it is true, for some years been using the name, and it may be that it believes its business is closely identified with the name.

If it does not see fit to voluntarily strike the word "Mills" from its name, it should clearly inform its prospective customers of the true facts. This can only be done by adding appropriate words such as suggested in the previous paragraph which will leave no room for doubt.

The petition is denied, but without prejudice to an order being entered by the Commission in accordance with the views here expressed and which will direct the addition of appropriate words which will clearly convey to the public the fact that respondent neither owns nor operates a mill.